**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SHAWN McCAULEY** | ) | |
| 10215 East Watson | ) | |
| Sunset Hills, MO 63127 | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| On behalf of himself and | ) | |
| all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.:_____10-CV-0980_____ |
| vs. | ) | |
| | ) | |
| **FIRST OPTION MORTGAGE, L.L.C.** | ) | |
| Please Serve Registered Agent: | ) | |
| National Registered Agents, Inc. | ) | |
| 300 B East High Street | ) | |
| Jefferson City, Missouri 65101 | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**
**Collective Action Under the FLSA**

**COMES NOW** the Plaintiff Shawn McCauley and hereby sets forth this representative action for violation of the Fair Labor Standards Act under 29 U.S.C. §216(b) as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action against Defendant First Option Mortgage, L.L.C. ("FOM") for unpaid compensation and overtime compensation and related penalties and damages. Defendant's practice and policy is to willfully fail and refuse to properly pay overtime compensation due Plaintiff, and all other similarly situated employees, who work as loan originators (a/k/a Loan Officers).  In particular, Defendant has policies in place that (i) fail to pay Loan Officers overtime compensation for hours worked in excess of forty per week; (ii) fail to correctly calculate the overtime rate of pay due to Loan Officers by

failing to properly include commission compensation in said calculation, and (iii) failed to pay Loan Officers for all hours worked. These policies are in direct violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (FLSA).

2.      Plaintiff seeks injunctive and declaratory relief; overtime premiums for all overtime work required, suffered, or permitted by Defendant; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

3.      Plaintiff Shawn McCauley currently resides at 10215 East Watson, Sunset Hills, Missouri.   Plaintiff is employed as a Loan Officer at Defendant's facility located at 3 City Place Drive, St. Louis, Missouri.

4.      Defendant First Option Mortgage, L.L.C. ("FOM") is a Georgia limited liability company registered to do business and in good standing in the state of Missouri.  FOM operates a business location at 3 City Place Drive, St. Louis, Missouri.   FOM also operates offices as an "employer" under the FLSA with Loan Officers located in Florida, Georgia, Ohio, Indiana, Texas, Colorado, Arizona, Utah, and Nevada.   Some of these offices are operated as First Option Lending, L.L.C. which is an entity wholly owned by Defendant.

5.      At all relevant times, Defendant has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203.  At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including the putative representative action Plaintiffs.  At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

## JURISDICTION AND VENUE

6.     This Court has original federal question jurisdiction under 28 U.S.C. §1331 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

7.     The United States District Court for the Eastern District of Missouri has personal jurisdiction because Defendant conducts business within this District and division.

8.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as the Defendant has offices, conducts business and can be found in this district, and the cause of action set forth herein has arisen and occurred in part in this district.  Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendant has substantial business contacts within the state of Missouri.

## COUNT I – FLSA CLAIM

9.     Plaintiff Shawn McCauley was employed as a Loan Officer for the Defendant from on or about July 2009 through on or about October 2009 at Defendant's St. Louis, Missouri location.  From on or about October 2009 through on or about February 2010, McCauley was employed as a Branch Manager by Defendant at its Atlanta, Georgia location.  From on or about February 2010 through the present, the Plaintiff McCauley has been employed as a Loan Officer at Defendant's Atlanta, Georgia and St. Louis, Missouri locations.

10.     Like the Plaintiff, the Defendant employs numerous other Loan Officers at its offices located in numerous other states, including Florida, Georgia, Ohio, Indiana, Texas, Colorado, Arizona, Utah, and Nevada, who are similarly situated in that they all perform essentially the same job functions and they are all governed by the same, or similar, pay policy and plan at issue in this matter.

11.     Defendant classifies its Loan Officers as non-exempt employees under the FLSA entitled to receive overtime.

12.     Under the Defendant's compensation plan for its Loan Officers, said Loan Officers earn the same amount of gross compensation regardless of the hours they work, therefore, Defendant fails to pay any premium to Loan Officers for hours worked in excess of forty in a given workweek in violation of the FLSA.

13.     Under the Defendant's compensation plan for its Loan Officers, any compensation paid to Loan Officers that is labeled as overtime pay is simply later deducted from the Loan Officer's commission income, which in essence, eliminates any alleged overtime paid.

14.     Under the Defendant's compensation plan for its Loan Officers, Defendant fails to correctly calculate the overtime rate of pay due to Loan Officers by failing to properly include commission compensation in said calculation as required by the federal regulations, thereby, denying them overtime compensation as required under the FLSA.

15.     The Defendant regularly requires its Loan Officers to perform work "off the clock," and in turn, fails to compensate them for all overtime.  This includes requiring Loan Officers to work during uncompensated breaks and on weekends without full compensation.

16.     Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. §216(b) of the FLSA, on behalf of all persons who were, are, or will be employed by the Defendant as Loan Officers within three years from the commencement of this action who have not been correctly compensated for overtime under the FLSA.

17.     This Complaint may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) of the FLSA for all claims asserted by the Representative Plaintiff

because their claims are similar to the claims of the putative representative action Plaintiff.

18.     The names and addresses of the putative representative action plaintiffs are available from Defendant.  To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

19.     The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

20.     The Plaintiff and the putative representative action plaintiffs are not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that their employer pay them overtime compensation under the FLSA.  The Plaintiff and the putative representative action plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

21.     At all relevant times, Defendant had a policy and practice of failing and refusing to pay Loan Officers at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§201, *et seq.*

22.     The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

23.     The Plaintiff, on behalf of himself and all similarly situated employees of Defendant who compose the putative representative action plaintiffs, seek damages in the amount of all

respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

24.     The Plaintiff, on behalf of himself and all similarly situated employees of Defendant who compose putative representative action plaintiffs, seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff, on behalf of himself and all proposed putative representative action plaintiffs, prays for relief as follows:

a.      Designation of this action as a collective action on behalf of the proposed putative representative action plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative representative action plaintiffs (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Join pursuant to U.S.C. §216(b);

b.      Designation of Plaintiff Shawn McCauley as Representative Plaintiff of the putative representative action plaintiffs of Loan Officers and designation of Donelon, P.C. as class counsel;

c.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §201, *et seq.*;

d.      An injunction against Defendant and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by

law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e.  An award of damages for overtime compensation due for the Plaintiff and the putative representative action plaintiffs, including liquidated damages, to be paid by Defendant;

f.  Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

g.  Pre-Judgment and Post-Judgment interest, as provided by law; and

h.  Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **Demand for Jury Trial**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he, and all members of the proposed representative action, have a right to jury trial.

Respectfully submitted,



*/s/ Brendan J. Donelon*
Brendan J. Donelon, E.D.Mo. 197776
802 Broadway, 7th Floor
Kansas City, Missouri 64105
Tel:    (816) 221-7100
Fax:    (816) 472-6805
brendan@donelonpc.com

*/s/ Daniel W. Craig*
Daniel W. Craig, E.D.Mo. 5209499
1125 Grand Blvd., Ste. 900
Kansas City, MO 64106
Tel: 816-221-7772
Fax: 816-283-3823
DCraig@DanCraigPC.com

**ATTORNEYS FOR PLAINTIFF**