UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAWN MCCAULEY, et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:10CV980 JCH |
| ) | |
| FIRST OPTION MORTGAGE, LLC, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Conditional Class Certification of Class Claims under § 216(b) of the Fair Labor Standards Act ("FLSA"), filed July 8, 2010. (Doc. No. 45). The motion is fully briefed and ready for disposition.

**BACKGROUND**

On May 28, 2010, Plaintiff Shawn McCauley commenced this action against Defendant First Option Mortgage, LLC ("FOM"). (Doc. No. 1). In his Second Amended Complaint, filed July 7, 2010, Plaintiff alleges he was employed as a loan officer for FOM in St. Louis, Missouri, from on or about July, 2009, through on or about October, 2009, then as a branch manager for FOM in Atlanta, Georgia, from on or about October, 2009, through on or about February, 2010, and again as a loan officer for FOM in both St. Louis and Atlanta from on or about February, 2010, through June 14, 2010. (Second Amended Complaint, ¶¶ 14, 50). According to Plaintiff, FOM classifies its loan officers as non-exempt employees under the FLSA, entitled to receive overtime compensation. (Id., ¶ 16). Despite this classification, Plaintiff alleges FOM has policies in place that (i) fail to pay loan

officers overtime compensation for hours worked in excess of forty per week[1]; (ii) fail correctly to calculate the overtime rate of pay due loan officers, by failing properly to include commission compensation in said calculation as required by federal regulations; and (iii) fail to pay loan officers for all hours worked[2]. (Id., ¶¶ 1, 19). Plaintiff asserts that with these policies, FOM willfully violated the FLSA, 29 U.S.C. § 201 *et seq.*[3] (Id., ¶¶ 1, 27). Plaintiff seeks to bring his Complaint as a collective action pursuant to 29 U.S.C. § 216(b), "on behalf of all persons who were, are, or will be employed by the Defendant as Loan Officers within three years from the commencement of this action who have not been correctly compensated for overtime under the FLSA."[4] (Id., ¶ 21).

With the instant motion, Plaintiffs request (1) an Order granting conditional class certification regarding Plaintiffs' claims under § 216(b) of the FLSA regarding all individuals who were employed as loan officers for FOM for the period of three (3) years from the date of the Court's Order granting certification[5]; an Order appointing Plaintiff Shawn McCauley to act as class representative, and

---

[1] Specifically, Plaintiff maintains that under FOM's compensation plan for its loan officers, any compensation paid to loan officers labeled as overtime pay later is deducted from the loan officers' commission income, thereby effectively eliminating any alleged overtime pay. (Second Amended Complaint, ¶ 18).

[2] Specifically, Plaintiff asserts FOM regularly requires its loan officers to perform work "off the clock," including requiring them to work during uncompensated breaks and on weekends without full compensation. (Second Amended Complaint, ¶ 20).

[3] In his Second Amended Complaint, Plaintiff further includes claims for a Rule 23 Class Action under the Missouri Wage Laws (Count II), and for Retaliation under the FLSA (Count III).

[4] At the time of filing of the pending motion, twenty additional loan officers had filed Consents to Join. As of the date of this Order, four additional loan officers have filed Consents to Join, and one, Gianni Cerretani, has stipulated to the dismissal of his claims against FOM with prejudice. (Doc. No. 68).

[5] According to FOM, the class Plaintiff seeks to represent consists of approximately 335 current and former loan officers employed by FOM in at least eleven locations in ten different states. (Defendant's Memorandum in Opposition to Plaintiffs' Motion for Conditional Class Certification of Class Claims under 216(B) of the FLSA ("FOM's Opp."), P. 9).

Donelon, P.C. as class counsel; an Order directing FOM to provide a list of all persons who worked for FOM as loan officers for the period at issue, with their last known residential addresses, home and cellular phone numbers, email addresses, and dates of employment; and approval and authorization for Plaintiffs to send the Notice of Claims and Right to Opt-In attached as Exhibit D to the Memorandum in Support of Plaintiffs' Motion for Conditional Certification of Class under § 216(b) of the FLSA.  (Doc. No. 45).  FOM opposes the motion.  (Doc. No. 69).

**DISCUSSION**

Section 7 of the FLSA mandates that an employer may not subject non-exempt employees to a work week in excess of forty hours, unless the employee is compensated for his or her overtime with additional pay of at least one and one-half times his or her regular hourly wage.  29 U.S.C. § 207.  An action to recover overtime compensation and liquidated damages may be maintained, "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).

District courts within the Eighth Circuit conduct a two-step analysis to determine whether employees are "similarly situated."  Littlefield v. Dealer Warranty Services, LLC, 679 F.Supp.2d 1014, 1016 (E.D. Mo. 2010).  "Under this two-step process, the plaintiff first moves for class certification for notice purposes."  Dernovish v. AT&T Operations, Inc., 2010 WL 143692 at *1 (W.D. Mo. Jan. 12, 2010) (internal quotations and citation omitted).  "The plaintiff's motion for certification is typically filed at an early stage of the litigation thus requiring a lenient evaluation standard and typically resulting in conditional certification of a representative class."  Kautsch v. Premier Communications, 504 F.Supp.2d 685, 688 (W.D. Mo. 2007) (citations omitted).  The Court does not reach the merits of the plaintiffs' claims at this early stage of litigation. Id.  "Once the Court

conditionally certifies the class, potential class members are given notice and the opportunity to opt-in." <u>Dernovish</u>, 2010 WL 143692 at *1 (internal quotations and citation omitted).[6]

"At the second step of the process, the defendant may move to decertify the class." <u>Dernovish</u>, 2010 WL 143692 at *1 (internal quotations and citation omitted). This typically is done after the close of discovery, when the Court has much more information and is able to make a more informed decision. <u>Id.</u> "If the claims are not similarly situated, the Court decertifies that class and the opt-in plaintiffs are dismissed without prejudice." <u>Garner</u>, 2004 WL 5455905 at *2 (citation omitted).

The FLSA does not define the term "similarly situated." <u>Kautsch</u>, 504 F.Supp.2d at 689. Courts agree that Plaintiffs' burden at the first stage of the process is not onerous, however, and "plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." <u>Id.</u> (citations omitted); <u>see also</u> <u>Greenwald</u>, 2009 WL 259744 at *4 (internal quotations and citations omitted) ("Conditional certification at the notice stage generally requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan."). Plaintiffs may meet this burden by "detailed allegations supported by affidavits." <u>Id.</u> (citation omitted).

---

[6] One primary distinction between a collective action under § 216(b) and a class action under Federal Rule of Civil Procedure 23 "is that under FLSA a similarly situated employee must 'opt-in' to the collective action to be bound by it, whereas under Rule 23, a similarly situated employee must 'opt-out' to avoid being bound by the judgment." <u>Greenwald v. Phillips Home Furnishings Inc.</u>, 2009 WL 259744 at *4 (E.D. Mo. Feb. 3, 2009) (citations omitted). "District courts have discretionary power to authorize the sending of notice of the opportunity to opt-in potential class members in a collective action brought pursuant to 29 U.S.C. § 216(b)." <u>Garner v. Regis Corp.</u>, 2004 WL 5455905 at *1 (W.D. Mo. Aug. 5, 2004) (citation omitted).

To support their claim that they are similarly situated, the opt-in Plaintiffs have provided sworn declarations demonstrating they performed similar work, in that their jobs all involved communicating with potential borrowers/customers, whose leads were provided by FOM, and selling mortgage products available through FOM to the potential borrowers/customers. Each loan officer attested that pursuant to the company-wide compensation plan[7], FOM paid overtime pay based only upon the hourly rate of compensation, and that any overtime paid by FOM was then deducted from subsequent commission payments. Each loan officer further testified that he or she (1) was classified as a non-exempt employee entitled to overtime pay; (2) usually worked in excess of forty hours per workweek, but was not paid overtime; (3) was docked one hour per day for a meal break, but more often than not performed work during the break; and (4) frequently was required to work on Saturdays, but directed not to report those hours worked. Based on these allegations, Plaintiffs assert all loan officers employed by FOM performed essentially the same job duties, and were common victims of FOM's company-wide policies and practices designed to deny them overtime compensation. Davis v. Novastar Mortg., Inc., 408 F.Supp.2d 811, 816 (W.D. Mo. 2005).[8]

---

[7] Each loan officer testified that to his or her knowledge, all FOM loan officers were paid pursuant to the same company-wide compensation plan. (See, e.g., Declaration of Robert Alcantara, Doc. No. 46-1, P. 3, ¶ 9). Plaintiff McCauley attached a copy of FOM's Loan Officer Pay Scale to his sworn statement. (Doc. No. 46-3, PP. 4-5).

[8] FOM complains that Plaintiffs' "fill in the blank" declarations are "virtually identical, and contain primarily conclusory allegations unsupported by any factual assertions demonstrating the basis of the affiants' knowledge." (FOM's Opp., P. 10). Upon consideration, however, the Court finds these signed declarations provide appropriate support for a motion such as this. Robertson v. LTS Management Services LLC, 642 F.Supp.2d 922, 926 (W.D. Mo. 2008). See also Mathews v. ALC Partner, Inc., 2009 WL 2591497 at *5 (E.D. Mich. Aug. 24, 2009) ("[T]he uniformity that [the defendant] derides is in the Court's view a substantial indicator in favor of the plaintiffs being similarly situated....In that light, the fact that many plaintiffs can agree on a single formulation as accurately describing their job duties is a strong indicator that certification is appropriate.").

Upon consideration, the Court finds that given the lenient notice standard, Plaintiffs have met their burden to show conditional certification is proper. Kautsch, 504 F.Supp.2d at 690. Specifically, the Court notes the first two policies questioned by Plaintiffs, i.e., that FOM deducts any compensation paid to loan officers and labeled as overtime pay from future commission income, and that FOM fails to include commission compensation in its calculation of the overtime rate of pay, as required by federal regulations, are found in FOM's written compensation plan applicable to all loan officers. While FOM maintains loan officers may earn commissions sufficient to qualify under the federal exemption for commissioned salespersons, and/or may be exempt under the administrative exemption to the FLSA ("FOM's Opp., PP. 16-18), the Court finds these assertions go to the merits of the suit, and are not grounds for denying conditional certification of the class. Kautsch, 504 F.Supp.2d at 690 n. 2; see also Pressler v. FTS USA, LLC, 2010 WL 1904974 at *4 (E.D. Ark. May 12, 2010) (citations omitted) ("However, as this Court has previously noted, defenses such as the executive and administrative exemptions should be addressed at the second stage of the certification process rather than at the first.").

With respect to Plaintiffs' third contention, FOM asserts Plaintiffs fail to establish it had a common policy or plan that required its loan officers to perform work "off the clock," including requiring them to work during uncompensated breaks and on weekends without full compensation. (FOM's Opp., PP. 12-15). To the contrary, FOM provides evidence that it prohibits working off-the-clock, and that FOM branch managers never directed loan officers to work off-the-clock. (See, e.g., Declaration of Kimberly Watson, Doc. No. 69-3). FOM thus maintains, "Plaintiffs apparently deliberately ignored or circumvented FOM's timekeeping policies by voluntarily electing to perform and not report work-related activities before clocking in or clocking out, on Saturdays, or during meal periods", and "also apparently lied when they certified the accuracy of their time records every

pay period before their hours were submitted to payroll." (FOM's Opp., PP. 14-15). Finally, FOM maintains conditional certification of this claim is inappropriate in any event, because the Court necessarily will need to engage in individualized inquiries as to why each loan officer ignored and violated FOM policy and instructions from managers prohibiting off-the-clock work, and falsely certified incorrect time records and commission reports. (Id., PP. 15-16).

Upon consideration, the Court rejects FOM's arguments, for several reasons. First, the Court notes the parties present conflicting evidence with respect to whether FOM actually followed its written policy regarding off-the-clock work. (See, e.g., Declaration of Robert Alcantara, Doc. No. 46-1, P. 3, ¶¶ 5, 6, 7). The Court will not make any credibility determinations or findings of fact with respect to contradictory evidence presented by the parties at this initial stage. Loomis v. CUSA, LLC, 257 F.R.D. 674, 676 (D. Minn. 2009); Pressler, 2010 WL 1904974 at *4. "In any event, this argument relates to the merits and should not be resolved at this time." Dernovish, 2010 WL 143692 at *2. See also Greenwald, 2009 WL 259744 at *6 ("After discovery is complete, and the matter is fully briefed, [the Court] may decertify the collective action for this (or some other) reason advanced by [FOM]. But [the Court] cannot deny conditional certification because plaintiffs may not ultimately prevail on their FLSA claims."). Finally, while the Court acknowledges there may exist distinctions among the Plaintiffs, the affidavits submitted provide enough evidence at this stage to demonstrate employees were similarly situated and subject to a common practice. Busler v. Enersys Energy Products, Inc., 2009 WL 2998970 at *3 (W.D. Mo. Sep. 16, 2009). See also Fast v. Applebee's Intern., Inc., 243 F.R.D. 360, 363-64 (W.D. Mo. 2007) (citations omitted) ("To be similarly situated, however, class members need not be identically situated. The 'similarly situated' threshold requires only a modest factual showing."); Schleipfer v. Mitek Corp., 2007 WL 2485007 at *3 (E.D. Mo. Aug. 29, 2007) (same).

FOM offers two final arguments in opposition to certification, neither of which the Court finds persuasive. First, FOM asserts that because Plaintiffs have failed to demonstrate there is sufficient interest outside of St. Louis and Atlanta, conditional certification, if granted at all, should be limited to those two locations. (FOM's Opp., PP. 9-10). In other words, FOM asserts Plaintiffs' evidence is legally insufficient to justify certification of a nationwide collective action. (Id., P. 9). Upon consideration, the Court will not limit the scope of the certification in this manner, for two reasons. First, the individuals who have opted in already are not limited to St. Louis and Atlanta. Dernovish, 2010 WL 143692 at *2. Second, as noted above Plaintiffs allege policies found in FOM's company-wide compensation plan, applicable to all loan officers employed by FOM, violate the FLSA. The Court thus finds nationwide conditional class certification is justified in this case. Id.

Finally, FOM asserts Plaintiff McCauley is not an appropriate class representative, because for a period of time he was employed as an exempt branch manager, with supervisory authority and payroll responsibility for loan officers. (FOM's Opp., PP. 18-19). The Court agrees with Plaintiffs that this issue is more appropriately resolved at a later stage in the proceedings, and should not preclude conditional certification of a collective action. Schleipfer, 2007 WL 2485007 at *4. Plaintiffs' Motion for Conditional Class Certification will therefore be granted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Conditional Class Certification of Class Claims under §216(b) of the FLSA (Doc. No. 45) is **GRANTED** in part, and the Court conditionally certifies a class of all individuals who were employed as loan officers for the Defendant for the period of three (3) years from the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff Shawn McCauley conditionally is authorized to act as class representative.

**IT IS FURTHER ORDERED** that Donelon, P.C., is authorized to act as class counsel.

**IT IS FURTHER ORDERED** that FOM shall provide Plaintiffs' attorneys with the names and current or last known mailing addresses of all employees who may be potential Plaintiffs in this suit on or before **September 17, 2010**.[9]

**IT IS FURTHER ORDERED** that Defendant is granted until **September 17, 2010**, within which to make any objections to Plaintiffs' proposed Notification to Potential Class Members and Consent to Become a Party Plaintiff.

Dated this 2nd day of September, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[9] FOM need not disclose potential Plaintiffs' other personal information unless ordered by the Court.